IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HAROLD BISHOP, ET UX.,

    Plaintiffs,                                              05cv0827

v.                                                    **Electronically Filed**

GNC FRANCHISING, LLC, ET AL.,

    Defendants.

### **Memorandum Order**

Pending before this Court is the GNC defendants' ("GNC's") motion to strike plaintiffs' demand for a jury trial. GNC claims that plaintiffs waived their right to a jury trial in this breach of contract action when they signed two standard franchise agreements with GNC which contained jury waiver provisions. After careful consideration, this Court finds that plaintiffs knowingly and voluntarily waived their right to a jury trial by signing the franchise agreements which contained clear and conspicuous jury trial waiver provisions, and therefore, GNC's motion to strike plaintiffs' jury demand (doc. no. 32) will be granted.

Although the Seventh Amendment guarantees a right to a civil jury trial, this right may be waived by contract as long as it is done knowingly and voluntarily. *AAMCO v. Marino*, 1990 WL 10024 (E.D. Pa. 1990). The United States Court of Appeals for the Third Circuit has not yet determined whether the movant or the opposing party bears the burden of proving a waiver of the right to a jury trial, and other circuits are split on this issue. *Compare Leasing Service Corp v. Crane*, 804 F.2d 828, 833 (4th Cir. 1986) (burden is on party seeking enforcement of waiver) *K.M.C., Co. v. Irving Trust Co.*, 757 F.2d 752 755 (6th Cir. 1985) (burden is on party seeking invalidation of waiver). Even assuming the Third Circuit takes a conservative approach to this issue and finds that the party seeking enforcement of the waiver bears the burden to show that the

waiver was voluntary, knowing and intelligent, this Court finds that GNC easily meets that burden.

In order to determine whether a jury trial waiver is knowing and voluntary, a number of factors have been set forth by the federal courts: (1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the clause containing the waiver was inconspicuous; and (4) whether the opposing party had an opportunity to negotiate contract terms. *Hydramar, Inc. v. General Dynamics Corporation*, 1989 WL 159267 (E.D. Pa. 1989).

After analyzing these factors, this Court finds that all four factors weigh in favor of enforcement of the waiver and against plaintiffs' position seeking invalidation of the jury trial waiver provisions. First of all, there is no evidence of a *gross* disparity of bargaining power between plaintiffs and GNC. Secondly, nothing in the first amended complaint suggests that plaintiff were not sufficiently sophisticated to understand the waiver provisions. To the contrary, Harold Bishop pursued an undergraduate degree in business administration, "[e]xercised administration of . . . franchise agreements," and "manage[d] 170 employees and a $15,000,000 transportation company," and Patricia Bishop worked as an advertising sales representative. (doc. no. 32 - appendix). Thirdly, the clauses containing the waiver provisions in the two franchise agreements at issue were conspicuous - as the provisions were titled "<u>Jury Trial Waiver and Other Mutual Waivers</u>" and stated the following:

> Franchisor and prospective Franchisee or Franchisee agree that in any litigation, suit, action, counterclaim, or proceeding, whether at law or in equity, which arises out of, concerns, or relates to this Agreement, or otherwise, trial shall be to a court of competent jurisdiction and not to a jury. Franchisor and Franchisee hereby irrevocably waive any right either party may have to a trial by jury. Either Franchisor or Franchisee may file an original counterpart or a copy of this Agreement with any court as

>written evidence of the consent of the Franchisor and Franchisee of the
>waiver of their right to a trial by jury.

(Doc. no. 11 at 51 and 108).

Finally, although plaintiffs argue that a high-ranking GNC executive told them that the agreements were not negotiable, and that they did not have an attorney present, those two facts are not sufficient to nullify the contractual terms to which they knowing and voluntarily agreed to be bound. Even if they did not have an opportunity to negotiate the contract terms, it was not a contract of adhesion and they were under no pressure to purchase the franchises at issue. *Cottman Transmission Systems v. Melody*, 1994 WL 702913, at *2 (E.D. Pa. 1994)("We find that the contract, even assuming it was not negotiable, was not one of adhesion. The [defendants] were under no particular pressure to purchase this particular franchise.")

Accordingly, and for these reasons, this Court finds that the jury waiver provisions were entered into knowingly, voluntarily and intelligently. Therefore, GNC's motion to strike plaintiffs' jury demand (doc. no. 32) is GRANTED.

            SO ORDERED this 13th day of January, 2006.

            s/Arthur J. Schwab
            Arthur J. Schwab
            United States District Judge

cc: All counsel of record as listed below

Jeffrey M. Goldstein, Esquire
Goldstein Law Group
818 18th Street, N.W.
Suite 505
Washington, DC 20006

Gordon Schmidt, Esquire
Gary Kellen, Esquire
Gerald J. Stubenhofer, Esquire
McGuire Woods
625 Liberty Avenue
23rd Floor, Dominion Tower
Pittsburgh, PA 15222-3142

Curtis L. Frisbie, Esquire
Randy D. Gordon, Esquire
Samuel E. Joyner, Esquire
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201

.