IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HAROLD BISHOP, ET UX.,

    Plaintiffs,                                                   05cv0827

v.                                                            **Electronically Filed**

GNC FRANCHISING, LLC, ET AL.,

    Defendants.

### Memorandum Order

This case is currently scheduled for a non-jury trial on March 20, 2006, and on February 16, 2006, plaintiff's proposed pretrial filings are due. On the eve of trial and long after the time for filing amendments to the complaint, plaintiffs have filed motions for: reconsideration (doc. no. 52); certification (doc. no. 53); and, leave to file second amended complaint (doc. no. 58). For the reasons that follow, plaintiffs' motions will be DENIED, and defendants' motion for attorneys' fees will be DENIED.

**Motion for Reconsideration:**

Plaintiffs have filed a second motion for reconsideration of the Court's Order of December 1, 2005, seeking to reinsert their claim for breach of implied covenant of good faith and fair dealing. Like the first motion for reconsideration, which was denied by this Court, so to is plaintiffs' second motion for reconsideration (doc. no. 52) for the simple reason that plaintiffs' motion fails to demonstrate a clear error of law, a change in controlling law, or new evidence.

**Motion for Certification:**

At this late date, plaintiffs have also filed a motion for certification to the United States Court of Appeals for the Third Circuit of the Court's Order of December 1, 2005, dismissing their claim for breach of implied covenant of good faith and fair dealing.

To establish the propriety of an interlocutory appeal under 28 U.S.C. § 1292(B), the moving party must establish, and the District Court must certify: (1) that the order from which the party seeks to appeal involves a controlling question of law (2) as to which there is substantial ground for a difference of opinion and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Plaintiffs have failed to demonstrate that the Order dismissing their claim for breach of implied covenant of good faith and fair dealing concerns a controlling question of law because plaintiffs' breach of contract claim is still pending and the breach of good faith theory is merely a special type of a breach of contract claim. *See Witmer v. Exxon Corp.*, 4343 A.2d 1222, 1226-27 (Pa. 1981) (implied duty of good faith "serves the valuable purpose of defining contractual relationships which have been left unexpressed by the parties.")

Further, plaintiffs have failed to establish that there is a substantial ground for difference of opinion on the existence of an implied duty of good faith in franchise agreements, and have cited only one applicable case in support of their position. *See AAMCO Transmissions, Inc. v. Harris*, 759 F.Supp. 1141 (E.D. Pa. 1991). Contrary to plaintiffs' assertions, there is appreciable authority within the Pennsylvania district courts holding that the duty of good faith in franchise contract is limited to terminations. *See Keschock v. Carousel Sys., Inc.* 2005 U.S. Dist. LEXIS 9660 (E.D. Pa. May 19, 2005); *Valencia v. Aloette Cosmetics, Inc.* 1995 U.S. Dist. LEXIS 3021 (E.D. Pa. March 10, 1995); *Tilli v. AAMCO Transmissions, Inc.*, 1992 U.S. Dist. LEXIS 2298 (E.D. Pa. February 24, 1992); *AAMCO Transmissions, Inc. v. Marino*, 1991 U.S. Dist. LEXIS 18380 (E. D. Pa. December 31, 1991).

Finally, plaintiffs have failed to show that an appeal would advance the litigation at hand.

To the contrary, certification would only forestall this litigation. With a trial date pending and with pretrial documents due within days, this Court will not sanction plaintiffs' attempt to certify this issue. Should this litigation conclude in a verdict in favor of plaintiffs on their breach of contract action, the need for filing any such appeal may be obviated. Either way, an appeal at this time would hinder rather than help to advance the litigation at hand.

For all of these reasons, plaintiffs' motion for certification (doc. no. 53) is DENIED.

**Motion for Leave to File a Second Amended Complaint:**

On February 7, 2006, nearly two months after the expiration of the time for amending their complaint, plaintiffs now file a motion for leave to file a second amended complaint. Plaintiffs seek to amend their complaint to add their previously dismissed claims for predatory pricing (Count VII) under the Sherman Act and Sherman Act (Count XI).

Fed. R. Civ. P. 15(a) states provides that "a party may amend [its] pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The Supreme Court has explained the contours of Rule 15(a):

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--that leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis,* 371 U.S. 178, 83 S. Ct. 227 (1962).

This Court issued its December 1, 2005 Memorandum Opinion and Order dismissing these claims for plaintiff's failure to plead a relevant market on December 1, 2005. The deadline for amendments of pleadings was December 12, 2005. The time for filing any such motion has come and gone, and this Court finds that defendants would be unduly prejudiced by an eleventh-hour amendment to add new claims, as they would be virtually deprived of their ability to take discovery on such claims.[1] Plaintiffs' motion for leave to file a second amended complaint (doc. no. 58) is therefore DENIED.

**Motion for Attorneys' Fees:**

Finally, with respect to the GNC Defendants' motion for attorneys' fees (doc. no. 54) associated with the preparation and filing of their Motion to Compel Discovery, said motion will be denied because plaintiffs have adequately demonstrated that their initial non-disclosure was not undertaken in bad faith, and therefore, the Court will not award attorney's fees under these circumstances. *See* Fed. R. Civ. P. 37(4)(A).

SO ORDERED this 13th day of February, 2006.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record as listed below

---

[1] Plaintiffs again attempt to resurrect their claim for breach of implied covenant of good faith and fair dealing. For the reasons set forth hereinabove, even if their motion to amend was timely, this Court would not allow an amendment to include this claim for the reasons set forth in its December 1, 2005 Memorandum Opinion and Order.

Jeffrey M. Goldstein, Esquire
Angela Corridan, Esquire
Goldstein Law Group
818 18th Street, N.W.
Suite 505
Washington, DC 20006

Gordon Schmidt, Esquire
Gary Kellen, Esquire
Gerald J. Stubenhofer, Esquire
McGuire Woods
625 Liberty Avenue
23rd Floor, Dominion Tower
Pittsburgh, PA 15222-3142

Curtis L. Frisbie, Esquire
Randy D. Gordon, Esquire
Samuel E. Joyner, Esquire
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201