IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HAROLD BISHOP, ET UX.,

               Plaintiffs,                               05cv0827

     v.                                       Electronically Filed

GNC FRANCHISING, LLC, ET AL.,

               Defendants.

## Memorandum Opinion

### I.      Introduction

Currently pending before this Court in this breach of contract action is the petition for attorneys fees and costs (doc. no. 121) filed by defendant, GNC ("GNC"), following a non-jury trial in which this Court found for GNC on all claim and counterclaims.  In the Judgment Order (doc. no. 120), this Court ordered GNC to file said petition by March 27, 2006, and the parties were ordered to meet and confer to attempt a resolution of the issue by March 30, 2006, and if no resolution was reached, plaintiffs ("the Bishops") were ordered to file a response in opposition, which they have done (doc. no. 122).

On April 4, 2006, the Court then issued initial rulings on Exhibit A of GNC's motion for attorneys fees and costs.  The Court eliminated charges which the Court believed to be duplicative, unnecessary or excessive, including "travel time", excess "review" of correspondence, excess attorney conferences, the work on the "Indiana" case, time spent on billing/audit letter matters, and Mr. Gasworth's time.  The Court also reviewed the expenses and costs, line by line, and found them to be reasonable, with the exception of "staff overtime" and "secretarial overtime" which this Court eliminated.  The Court next ordered GNC to undertake a recalculation of attorneys fees and costs based upon said rulings by April 6, 2006 (doc. no. 123).

Plaintiffs were ordered to file any "objections" to the recalculations by April 10, 2006; however, plaintiffs did not file any further objections.

After personally reviewing *every* item of the 92 page affidavit setting forth the hours billed, an exercise of which this Court is intimately familiar and well-experienced, this Court finds that the contract provisions provide for the recovery of attorneys fees and costs, that the hourly rates are reasonable, and that the number of hours billed (as recalculated) are reasonable, especially in light of the conduct of plaintiff's counsel for the duration of this litigation.  After hearing all the evidence in this case, it is obvious to the Court that plaintiffs brought this case as a defensive tactic against GNC's demand for overdue advertising fund contributions, royalties, rental payments, inventory purchase charges and other finance charges.  Accordingly, and for the reasons that follow, this Court will grant GNC's petition for attorneys fees and costs and will award $330,185.25 in attorneys fees and $20,533.92 in costs.

## II.      Contract Provisions - - Prevailing Party is entitled to "Reasonable" Attorneys Fees

Under Pennsylvania law, attorneys fees and expenses are generally not recoverable in a breach of contract action. *Gorzelsky v. Leckey,* 586 A.2d 952, 955 (Pa. Super. 1991).  However, attorneys fees and expenses may be awarded where there is statutory authorization or a "clear agreement by the parties."  *Merlino v. Delaware County,* 728 A.2d 949. 951 (Pa. 1999)(citations omitted).

In this case, Paragraph XXVI.G of the Franchise Agreements sets forth the parties "agreement" in that regard as it states that: "In any litigation between Franchisor prospective Franchisee or Franchisee relating to the Franchise Business or to this Agreement, the prevailing

party shall recover its reasonable costs and expenses, including attorney's fees."

A contract is unambiguous where it is reasonably capable of only one construction. *Inter Medical Supplies, Ltd. v. EBI Medical*, 181 F.3d 446, 457 (3d Cir. 1999)(citations omitted). In their response in opposition to the petition for attorneys fees, the Bishops neither attempt to argue that the language of the franchise agreements on the issue of attorneys fees is anything other than clear and unambiguous, nor do they present any other extrinsic evidence to support any such argument. Accordingly, the Court finds that the language of the agreement is clear and unambiguous on its face, and it entitles GNC, as the prevailing party in this litigation, to recover its *reasonable* costs and expenses, including attorney's fees.

Although the approach set forth by the United States Court of Appeals for the Third Circuit in the *Lindy* cases (and their progeny) is not directly applicable to this action because those cases involved the judicial award of attorneys fees, whereas here, the recovery of attorneys fees and expenses is an item of damages to be proved under a breach of contract action, this Court will employ the lodestar formula (which requires multiplying the number of hours reasonably expended by a reasonable hourly rate) as a guide to determine the measures of damages on attorneys fees and expenses. *Coleco Industries v. Berman, et al.*, 423 F.Supp. 275, 317 (E.D. Pa. 1976); *See also, Hensley v. Eckerhart*, 461 U.S. 424 (1983).


III.    **Analysis**

   A. **Time Charged**

Preliminary, the Court notes that this case has not only been time consuming for the parties, this Court has also expended an above average amount of time dealing with the many

3

motions and disputes that have arisen in this litigation.  The Court will briefly address the procedural posture of this case, in an effort to determine whether the amount of time expended by GNC, as the prevailing party, is reasonable under these circumstances.

### (1) Procedural Background

As was set forth more fully in the findings of fact and conclusions of law issued by this Court on March 23, 2006 (doc. no. 119), the Bishops brought a nine count complaint against GNC alleging that GNC breached two franchise agreements and that GNC committed antitrust violations (doc. no. 1).  GNC then filed a motion to dismiss the complaint (doc. no. 2), and plaintiffs responded with an amended complaint (doc. no. 7), which alleged the same theories of recovery plus five more causes of action.  GNC then filed a second motion to dismiss (doc. no. 9) and after a response by plaintiffs and a reply by GNC, this Court issued a Memorandum Opinion and Order dismissing 13 out of 14 counts of the amended complaint (doc. no. 31).  The only claim remaining was a breach of contract claim.  GNC then answered, raised affirmative defenses and made counterclaims (doc. no. 34).  Nearly one month after the Court's ruling on the motion to dismiss, plaintiffs filed a motion for reconsideration of the Court's Memorandum Opinion and Order granting GNC's motion to dismiss in part (doc. no. 38), which this Court denied (doc. no. 43).

During the course of this litigation, GNC was obliged to file numerous others motions, all of which the Court granted in favor of GNC and against plaintiffs.  For example, GNC filed a motion to strike the jury demand (doc. no. 32), which this Court granted based upon the clear language of the franchise agreements at issue (doc. no. 46).  GNC also filed a motion to compel

4

discovery (doc. no. 48); however, upon filing of that motion, the Bishops then agreed to produce the requested discovery and GNC agreed to withdraw the motion to compel (doc. no. 50).

Plaintiffs next filed a motion for leave to file a second amended complaint and also filed the second amended complaint, without waiting for an Order from the Court granting said motion (doc. nos. 58 and 59).  By Text Order, this Court therefore struck the second amended complaint (see docket page no. 13, Order of February 9, 2006).

On the eve of trial, the Bishops filed a second motion for reconsideration (doc. no. 52), and a motion for certification to the United States Court of Appeals for the Third Circuit (doc. no. 53).  This Court denied by Memorandum Order plaintiffs' second motion for reconsideration, the motion for certification, and the motion to file a second amended complaint (doc. no. 67).

Due to plaintiffs perceived lack of cooperation, GNC filed another discovery motion in the form of a motion for protective order (doc. no. 68) seeking to preclude plaintiffs from deposing Joseph Fortunato, the President and CEO of GNC.  This Court granted GNC's motion (doc. no. 76).

On February 21, 2006, GNC then filed a motion to dismiss for lack of prosecution (doc. no. 78), because plaintiffs failed to file their proposed findings of fact and conclusions of law, which were due on February 16, 2006.  Incidentally, the Court received plaintiffs proposed findings on that date, albeit five days late, and with no accompanying motion for extension. Ultimately, the Court granted in part and denied in part GNC's motion to dismiss because plaintiffs' witness lists failed to comply with the pretrial procedures outlined in the Pretrial Order, and the Court struck plaintiffs' proposed findings because the findings also failed to comply with the Pretrial Order (doc. no. 90).

GNC then filed a stipulation of facts and issues to be decided, for which GNC alleges (and plaintiffs do not dispute) plaintiffs were responsible for preparing and filing (doc. no. 91). Simply put, GNC complied with all pretrial deadlines and filing requirements, while plaintiffs complied with very few of the requirements.

After reviewing plaintiffs delayed and incomplete pretrial filings, the Court was compelled to issue another order (see text order on docket page no. 20, Order of March 2, 2006), requiring plaintiffs to re-file their proposed findings with page and line references for the cited depositions, because the document again did not comply with the Pretrial Order.

GNC also filed a motion in limine (doc. no. 93) seeking to preclude plaintiffs from offering any evidence of damages, and from offering evidence related to previously dismissed claims (doc. no. 93).  After considering  response (doc. no. 105) and after again granting GNC leave to file a reply (doc. no. 112), this Court ultimately denied GNC's motion in limine (doc. no. 114).

The Bishops filed a first and second motion to compel (doc. no. 85, 98), both of which the Court denied on the basis that the requests for discovery were neither relevant, nor were they reasonably calculated to lead to the discovery of admissible evidence (see docket. page 20, March 3, 2006.  Plaintiffs filed another motion for reconsideration regarding the Order on the motion to compel (doc. no. 115), which this Court denied again on the basis that the motion to compel was too broad and untimely (doc. no. 116).  This Court however ordered GNC to bring the alleged discoverable materials to trial, and the Court would re-entertain plaintiffs' motion at the close of

their case.[1]

GNC filed a motion for summary judgment (doc. no. 109), approximately one week prior to trial, but this Court denied the motion for summary judgment out of an abundance of caution. The Court then conducted a two day non-jury trial and promptly issued its detailed findings of fact and conclusions of law and entered judgment in favor of GNC and against the Bishops on all claims and counterclaims (doc. no. 119).

**(2)      Reasonableness of Time Charged**

In GNC's petition for attorneys fees and costs and the supporting 92 page affidavit filed by lead counsel, Mr. Frisbie, he details not only the procedural history of the case, but he also paints a picture of plaintiffs' counsel as uncooperative.  The petition and accompanying affidavit detail that early in the litigation, plaintiffs began what became a practice of shifting responsibility for complying with the Court's procedures to GNC.  GNC alleges, and plaintiffs do not expressly deny, that GNC prepared the Rule 26(f) report, the proposed case management order, and took a greater than anticipated role in preparing the parties' joint stipulations since the submissions by plaintiffs were not in compliance with the Pretrial Order (in fact, all of these documents were electronically filed by either Pittsburgh counsel or lead counsel for GNC).  GNC points out and this Court recognizes that plaintiffs essentially ignored the Court's pretrial schedule and the procedures outlined in the Pretrial Order and GNC was well within its rights to file motions seeking redress for plaintiffs' untimeliness.

With the exception of a motion in limine, and a motion for summary judgment filed by

---

[1]After hearing argument at the close of plaintiffs' case, this Court denied plaintiffs' motion to compel for the reasons set forth on the record during trial (doc. no. 118).

GNC, plaintiffs were on the losing end of nearly every motion that was filed.  Yet, they unabashedly continued to file motions for reconsideration and the like - - still, their motions for reconsideration never alleged anything resembling a clear error of law, or new evidence.  Simply put, plaintiffs refused to live with the Court's ruling on the motion to dismiss at the inception of the litigation, and attempted, every step of the way, to resurrect the previously dismissed antitrust violation allegations.  It is not surprising that given the considerable docket activity in this matter and the fact that plaintiffs attempted to re-raise claims that had long since been dismissed (and without any legal basis to do so), that GNC accumulated considerable attorneys fees and expenses.

This Court has reviewed line by line GNC's law firm's statement for professional services, and has considered plaintiffs' response in opposition to GNC's petition for attorneys fees - - which this Court finds was not particularly helpful or enlightening.  Nowhere in plaintiffs' response do they take issue with any specific billings (except for one motion to compel); rather, they simply express "amazement" about the amount of the legal bills.  Plaintiffs, by and through their lack of cooperation, have played a great role in creating the legal fees charged by counsel for GNC.  As stated above, looking back on the litigation, it appears to this Court that plaintiffs' case was brought as a defensive tactic to thwart collection efforts for past due rental payments and royalties, inventory purchase charges, advertising fund contribution charges, and other related finance charges.

This Court, after undertaking its review of the time sheets, a process with which this Court is intimately familiar, finds that the time spent litigating these claims, as modified by the Court, was reasonable.  The Court appreciates that GNC has not sought fees and costs incurred

by Pittsburgh counsel, McGuire Woods, nor has GNC sought the considerable expense involved

with hiring Mr. Mark Gleason (in excess of $10,000.00), an expert on damages whose testimony

ultimately became unnecessary when plaintiffs failed to introduce any credible damages

evidence.  The Court recognizes that in their recalculation of legal fees, GNC has not submitted

charges that were redundant, unnecessary or excessive.  Accordingly, with the exception of the

items were this Court eliminated from the prior petition (Exhibit A), this Court finds that the

supplemental affidavit setting for the amount of hours (and the costs for the hours billed) billed

was reasonable.

### B. Hourly Rate of Attorney Compensation

A reasonable hourly rate is calculated according to the prevailing market rates in that

community. *Loughner v. University of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (citations

omitted).  The Court must assess the experience and skill of the attorneys and compare their rates

to the prevailing rates in the community for similar services by lawyers of comparable skill,

experience and reputation.  *Id*.  The prevailing party bears the burden to establish by way of

"satisfactory evidence" (i.e. affidavits and the like) that the requested hourly rates meet this

standard.  *Id*

GNC's counsel has provided an affidavit to show that the hourly billing rates of the three

non-local attorneys/paralegals working on this case (Mr. Frisbie, Mr. Gordon and Ms. Speck) are

regularly $500, $360, and $146, respectively.  According to Ms. Frisbie's affidavit, after

consulting with local counsel  in the McGuire Woods office in Pittsburgh, GNC's counsel have

applied the lower rates charged by McGuire Woods in Pittsburgh.  The adjusted rates based upon

the Pittsburgh local market for Mr. Frisbie, Mr. Gordon and Ms. Speck are $400, $350, and

$140, respectively.  According to the affidavit of Mr. Frisbie, he was admitted to practice law since 1971, and he specializes in business and commercial litigation in Texas, Georgia, Pennsylvania, Ohio, Florida and several other states.  This Court, therefore, finds that the hourly billing rates of $400, $350, $235 and $140 to be reasonable based upon the local community standards as well as their levels of experience and skill, and based upon the Court's personal experience in such matters.

**IV.    Conclusion**

Accordingly, based upon the clear and unambiguous contractual provisions of the Franchise Agreements which provides that GNC, as the prevailing party, is entitled to reasonable attorneys fees and costs, the Court will grant GNC's petition for attorneys fees and expenses, and will award $330,185.25 in attorneys fees and $20,533.92 in expenses for a total damage award of $350,719.17.

An appropriate order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All counsel of record

10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HAROLD BISHOP, ET UX.,

        Plaintiffs,                                        05cv0827

v.                                                  Electronically Filed

GNC FRANCHISING, LLC, ET AL.,

        Defendants.

## Order of Court

AND NOW, this 12th day of April, 2006, for the reasons set forth in the foregoing

Memorandum Opinion, it is hereby ORDERED that:

(1)      The Petition for Attorneys Fees and Costs by GNC (doc. no. 121) is GRANTED.

(2)      Attorneys Fees and Costs are hereby awarded to GNC based upon the contractual provisions of the Franchise Agreements in the amount of $330,185.25 in attorneys fees and $20,533.92 in expenses for a total damage award of $350,719.17.

                                          s/Arthur J. Schwab
                                          Arthur J. Schwab
                                          United States District Judge

cc:      All counsel of record